Nicholsost, C. J.,
delivered the opinion of the Court.
This is a proceeding by petition in Chancery for the partition of a lot in Memphis, fronting 300 feet on Union street. There are three tenants in common, each entitled to one-third of the lot. A decree for partition was made, and four commissioners selected by the parties and appointed by the Court. They met. upon the premises, divided the lot into thirteen sub-divisions, estimated the value of each sub-division, partitioned the thirteen lots into three shares, equalizing the shares by requiring one which contained five of the sub-divisions to pay to the other two about $2,200. The valuation of the entire lot was $51,490. After making the divisions and valuations, the commissioners, by lot, determined the shares to which each tenant was entitled. In this allotment Hardin drew the most valuable share.
The report of the commissioners was returned to Court and confirmed; but, at the same time, Hardin, one of the tenants in common, filed his petition to set aside the confirmation, and to be allowed to file exceptions to the report, which he had not done before the confirmation, because he was not apprised of the action of the Court until after the report was confirmed.
The Chancellor dismissed the petition, refused to allow exceptions to be filed, and re-affirmed the decree. From this ruling and decree, Hardin has appealed to this Court.
*551 The proceeding was conducted in substantial conformity with the statutory provisions on the subject of partition. The only question in the case is, whether the report of the commissioners recites the facts required by sec. 3283 of the Code. That section is as follows:
“If the commissioners are satisfied that exact partition can not be made without material injury to the parties, or some one of them, they may make the partition as nearly equal as they can, and charge the larger shares with the sums necessary to equalize all the shares, and report the facts.”
The statute is based upon the assumption that each tenant has a vested interest in a definite portion of the joint property, and that each tenant is entitled, in the partition, to have his exact share in the property set apart and allotted in severalty. To avoid the impracticability of making partitions of lands into shares, of exact equality, as to quantity' and quality, provision, was made for equalizing the shares, by looking to their respective values; but the statute is explicit, that this mode of equalization is not to be resorted to by the commissioners, except when they are satisfied that exact partition of the land can not be made without material injury to some or all of the parties; and to guard against imprudent partitions, the statute requires the facts upon which the commissioners act shall constitute part of their report.
It is correctly held by the Vice-Chancellor, in the case of Livingston v. Clarkson, 4 Edwds. Ch. R., 596, that “the report of commissioners is to be regarded in *552 the light of a verdict of a jury rendered upon a trial at law; and it will be disturbed or interfered with by the Court only upon grounds similar to those on which a verdict would be set aside and a new trial granted.” But this must be understood in connection with our statute, which requires the commissioners not only to render a report or verdict, but to make the facts on which their report or verdict rests part of the same. Under our statute, therefore, it is more proper to say that the report of commissioners stands upon the same footing as a special verdict returned by a jury.
With this understanding of the effect of the commissioners report, we proceed to the inquiry, whether the report contains the facts required by the statute to-be stated to give it the force of a special verdict?
The first matter to be determined by commissioners is as to the practicability of an exact partition without injury to any of the parties. If such partition is practicable, they have no power to go any further-If they are satisfied, after going upon the premises,, examining all the facts and circumstances, that such a partition can not be made, they are then authorized to adopt another mode of partition. But under the statute, when they come to make out their report or verdict, they are bound not only to state their conclusion that the exact partition is not practicable, but they must state the facts on which this conclusion rests.
Upon turning to the report of the commissioners, we find they say: “That being unconnected by af *553 finity or consanguinity to any of the parties, and being duly sworn to act impartially, on the 9th day of December, 1870, they went upon the premises, and caused the same to be sub-divided into thirteen lots,” etc. And “after carefully examining the premises, the following valuations were assessed upon the respective lots,” etc. “We then caused the same to be divided into three parcels, exact partition in kind being impracticable.” “After such apportionment was made, we caused said shares to be drawn by lot,” etc. This is the entire report, except the details, which are not material to the question in the case.
The commissioners were fully authorized to determine whether the lot of 300 feet front on Main street could be divided by exact partition between three tenants in common; and if they had so determined, and given the facts on which they rested their determination, their report would have had all the force and effect of a .special verdict. But the commissioners determine, at the threshold, that the exact partition of the lot into three parcels was impracticable, and at once decide that it ought to be sub-divided into thirteen lots. They may have had sufficient facts on which they determined both questions, but they have only' furnished the Court with their conclusions, whereas the statute contemplated that their conclusions were first to be passed upon by the Chancellor; and to enable him to do so understanding^, the facts in support of their conclusions were required to be made part of their report. The report contains the conclusions, but not the facts. It will not do to say that *554 the omission of the commissioners to state the facts on which they rest their determination may be supplied by proof before the . Chancellor. The statute prescribes the mode in which partitions are to be made in cases where exact partition is impracticable, and it is our duty to follow the law and not to make it. It was decided by this Court, in 1852, in the case of Robertson v. Robertson, 1 Swan, that the shares of land allotted to the parties interested must be each of the same value. A partition made by the allotment of shares of unequal value, but to be equalized by the payment of money by those who have an excess of land to others, is in conflict with the purpose of the act of 1815. The Court said, it is in effect forcing one tenant in common to buy land against his will, on the one side, and on the other, compelling a joint owner to part with a portion of that to which he is entitled by law. It was to remedy this defect in the former law, that sec. 2383 was introduced into the Code. But, because it was providing a mode by which one tenant in common might be forced to part with a portion of his share, or to buy a portion of another tenant’s share, it was deemed proper that the commissioners selected to make the report should state the facts as well as their conclusions, to justify the Court in the exercise of so high a power. The statute, therefore, stands in our way and forbids us to follow any other than the plain, legal course.
Without expressing any opinion, therefore, as to the evidence, we are forced to reverse the decree below, and remand the cause for further proceedings. *555 The appellees will pay the costs of this Court. The costs below will be adjudged below.